UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL JOY CHITTY,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:24-cv-01945-CKD<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1960, applied on April 16, 2018 for SSI, alleging disability beginning July 14, 2017. Administrative Transcript ("AT") 17, 90. Plaintiff alleged she was unable to work due to arthritis in the neck, knees, low back, hands, and elbows; fibromyalgia, chronic fatigue, anxiety, and panic attacks. AT 90-91. In a decision dated October 26, 2023, the ALJ determined

that plaintiff was not disabled.[1]  AT 17-40.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since April 16, 2018, the application date.
>
> 2. The claimant has the following severe impairments: obesity, Degenerative Disc Disease of the lumbar spine, Degenerative Disc Disease of the cervical spine, Osteoarthritis of the left knee, and Chronic Pain Syndrome.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

> light work, except that she could occasionally climb ramps, stairs, ladders, ropes, or scaffolds. She could occasionally stoop and crawl.
>
> 5. The claimant is capable of performing past relevant work as a Property Manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.
>
> 6. The claimant has not been under a disability, as defined in the Social Security Act, since April 16, 2018, the date the application was filed.

AT 20-40.

ISSUE PRESENTED

Plaintiff argues that the ALJ committed the following error in finding plaintiff not disabled: The ALJ failed to provide legally sufficient reasons for discounting plaintiff's subjective symptom testimony.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the

administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff asserts that the ALJ erred in discounting plaintiff's subjective symptom testimony, as each of the three main reasons the ALJ cited in his credibility analysis were flawed.

The ALJ set out a detailed summary of plaintiff's testimony in her Function Report, Exertional Activities Questionnaire, and hearing testimony, respectively. AT 28-29.  Her hearing testimony is summarized as follows:

> She stated her main concerns are pain, anxiety, and fatigue.  She takes medications for fibromyalgia and pain due to her back and neck condition.  She has not received treatment for her knee condition yet.  She reported she has swelling, tingling, and numbness in the feet and ankles that keeps her awake at night.  She also has muscle cramps.  Sometimes she elevates her legs and feet for the swelling . . . She stated she is able to sit about 30 minutes before needing to change positions because of her back pain.  She could walk up to 15 minutes if she does not have back pain. . . . She stated she has neck problems including aches and decreased range of motion. . . .
>
> In summary, she stated she gets stiff when she sits for a while; her sleep is not restful; she has depression and anxiety; she experiences brain fog; and she has problems with concentration and memory.

AT 29-30; see AT 61-82 (Aug. 8, 2023 hearing testimony).

The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not fully supported by the evidence, as (1) she had been "very noncompliant with treatment and physical examinations"; (2) she had "high activities of daily living, including caring for her elderly mother"; and (3) she had "conservative treatment throughout the record, consisting only of medications." AT 30.  Plaintiff contends that all three conclusions are in error.

////

////

A. <u>Applicable Law</u>

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. <u>See</u>, e.g., <u>Saelee v. Chater</u>, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. <u>Albalos v. Sullivan</u>, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." <u>Morgan v. Commissioner of Social Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999); <u>see also</u> <u>Lambert v. Saul</u>, 980 F.3d 1266, 1277–78 (9th Cir. 2020).

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. <u>See</u> <u>id.</u> at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th Cir. 1996); <u>see</u> generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. When discounting subjective testimony, an ALJ must provide "specific, clear, and convincing *reasons* for doing so." <u>Wade v. Saul</u>, 850 F. App'x 568, 569 (9th Cir. 2021) (emphasis in original), citing <u>Lambert</u>, 980 F.3d at 1277–78. This standard does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony[.]" <u>Lambert</u>, 980 F.3d at 1277. However, an ALJ's detailed overview of the claimant's medical history—coupled with a nonspecific boilerplate conclusion that her testimony is "not entirely consistent" with her medical treatment—is not enough to satisfy the minimal requirements for assessing credibility. <u>Id.</u> at 1277–78.

B. <u>Analysis</u>

Here, the ALJ found objective medical evidence of physical impairments, including

1  degenerative disc disease, osteoarthritis of the left knee, and chronic pain syndrome, as reflected
2  in the RFC.  AT 30.  For several pages, the ALJ set out a detailed summary of plaintiff's medical
3  history from February 2016 to May 2021.  AT 30-34.

4      *Noncompliance.*  As to complaints of chronic bilateral knee pain, the ALJ noted that,
5  though plaintiff had "several referrals for imaging beginning in February 2016, she did not follow
6  through" with the x-rays until September 2020.  AT 34; see AT 32 (noting February 2020 medical
7  record of plaintiff's "multiple excuses" for not going to prescribed physical therapy and her
8  noncompliance with treatment or fibromyalgia, depression, and chronic pain), citing AT 783-84.
9  At that time, x-rays revealed mild to moderate degenerative changes and evidence of prior trauma
10 to the patella of her left knee.  Id.  There was no imaging of the right knee in evidence.  Id.  In
11 May 2021, plaintiff reported that, earlier that year, she fell and hurt her feet, ankles, and left knee.
12 Id.  She requested new referrals for imaging, but "there is no evidence the claimant followed
13 through on these either."  AT 34.  The ALJ noted that plaintiff was referred to pain management
14 in 2020, but there were no pain management records.  Id.  At a July 2022 office visit, plaintiff
15 "admitted she never had the x-rays for her left knee pain, although she fell over a year ago."  Id.
16 See generally AT 38 (noting that, in plaintiff's case file, "there is minimal treatment documented
17 for any severe impairment" and that plaintiff did not follow through with requested referrals for
18 specialized care).

19     In her motion, plaintiff acknowledges "significant noncompliance with recommended
20 treatment" and failing to follow through with referrals for specialized care.  ECF No. 17 at 21,
21 citing AT 38.  However, plaintiff argues that the ALJ erroneously failed to consider her
22 explanations for noncompliance, noted at various places in the record, including family issues,
23 anxiety, lack of transportation, and fatigue.  At the August 2023 hearing, the ALJ asked her why
24 she "did not follow through with . . . repeated referrals to psychiatry, pain management, physical
25 therapy, and getting X-rays[.]"  AT 71-72.  Plaintiff responded that she was afraid of leaving the
26 house due to the Covid-19 virus; prior to that, her "pain, anxiety, fatigue" and lack of energy
27 prevented her from complying with treatment.  AT 72-73.

28     "[A]n unwillingness to comply with a treatment . . . is [a] specific, clear, and convincing

1  reason[] for discounting subjective pain testimony." Mata v. Kijakazi, 2023 WL 3836421, *3

2  (9th Cir. June 6, 2023), citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989), superseded on

3  other grounds by 20 C.F.R. § 404.1502(a); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir.

4  2002). Plaintiff cites 20 C.F.R. § 416.930, listing "[a]cceptable reasons for failure to follow

5  prescribed treatment," e.g., the treatment is "contrary to the established tenets of your religion" [2]

6  or "the treatment involves amputation of an extremity." None of these reasons apply to plaintiff's

7  long-term and repeated failure to comply with treatment, as evidenced throughout the record.

8  The ALJ properly considered this factor in discounting plaintiff's subjective testimony.

9  *Activities of daily living.* The ALJ noted that, with regard to activities of daily living,

> the claimant portrays herself as independent with all self-care, household chores, meal preparation, medication management, travel, pet care, handling money and accounts, social interaction, and also cares for her elderly mother's needs almost daily. . . . [T]he undersigned concludes the claimant's subjective allegations of debilitating pain and limitation precluding all work activity are not supported by the objective evidence.

14  AT 39; see AT 23 (summary of function report), AT 62 (hearing testimony that plaintiff assisted

15  with her mother's meals and medication), AT 363 (mother's statement that plaintiff helped her by

16  grocery shopping and driving), AT 334 (function report stating plaintiff cares for elderly mother),

17  AT 386-88 (June 2018 exertion questionnaire), AT 906 (April 2023 medical note describing

18  plaintiff as her mother's caregiver). The ALJ found that these activities of daily living were "not

19  consistent with one who suffers such severe limitations as to preclude all work activity." AT 39.

20  See Morgan v. Comm'r, 169 F.3d 595, 600 (9th Cir. 1999) (holding that a claimant's "ability to

21  fix meals, do laundry, work in the yard, and occasionally care for his friend's child served as

22  evidence of [the claimant's] ability to work."). The ALJ properly considered this factor, also.

23  *Conservative treatment.* After reviewing the case file, the ALJ found "minimal treatment

24  documented for any severe impairment." AT 38; see also 22 (ALJ "meticulously examined all

25  available evidence for objective support of any limitations secondary to medically determinable

---

[2] In December 2022, plaintiff declined a hysterectomy "due to religious beliefs to not receive any blood products" and also because she was a caretaker for her mother and "surgery would be difficult." AT 947. This incident does not trigger the religious exception to noncompliance with other prescribed treatments, however.

impairments and . . . found very little. . . . The record is fully of subjective reports with minimal objective support."). The ALJ noted that plaintiff's treatment for various medical issues consisted only of medications (AT 30), and her "pain is consistently described as controlled on medications." AT 37; see, e.g., AT 31 (June 2018 note plaintiff was doing well on current medications and not having any breakthrough pain), citing AT 752; AT 790, 794, 962, 980, 1026. Moreover, "[p]hysical examination[s] and psychiatric presentations were generally normal throughout the record." AT 32 (citations omitted).

In sum, evaluating symptom testimony, the ALJ concluded:

> In the present case file, there is minimal treatment documented for any severe impairment. The claimant demonstrates significant noncompliance with recommended treatment, following through with referrals even though she requested specialized care, and she has reported feeling well, good pain control, and . . . she remains largely functional, both physically and mentally. Moreover, the claimant admits her medication regimen works well to control pain. Physical examinations have been largely benign despite the allegations of debilitating symptoms. In sum, the evidence submitted in support of her claim is insufficient to show the claimant's impairments rise to a level precluding all work activity[.]

AT 38-39. Because the ALJ used the proper process and provided proper reasons, including sufficiently explaining why specific evidence undermined plaintiff's allegations to some degree, the undersigned defers to his credibility finding.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 19) is GRANTED; and

3. Judgment is entered for the Commissioner.

Dated: July 16, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/chit1945.ssi.ckd